﻿Citation Nr: AXXXXXXXX
Decision Date: 11/15/18 Archive Date: 11/15/18

DOCKET NO. 180921-403
DATE: November 15, 2018
ORDER
Service connection for residuals, head injury is denied.
REMANDED
Service connection for migraine headaches is remanded.
FINDING OF FACT
The Veteran does not have a current disability of residuals, head injury.
CONCLUSION OF LAW
The criteria for entitlement to service connection for residuals, head injury have not been met. 38 U.S.C. §§ 1131, 1151 (2012); 38 C.F.R. §§ 3.303, 3.304 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty from July 1979 to September 1982. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Board of Veterans’ Appeals (Board) notes that the Veteran withdrew his hearing request in September 2018. See September 2018 VA Form 21-4138, Statement in Support of Claim. Thus, the matter is before the Board for adjudication.
1. Service connection for residuals, head injury 
The Veteran contends he is entitled to service connection for residuals of head injury.
Service connection may be granted for any current disability that is the result of a disease contracted or an injury sustained in the line of duty during active military service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303(a) (2017). Service connection may be granted for a disease diagnosed after discharge, when the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d) (2017).
Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a link between the claimed in-service disease or injury and the present disability. Romanowsky v. Shinseki, 26 Vet. App. 289, 293 (2013).
Service connection may also be established with certain chronic diseases based upon a legal presumption by showing that the disorder manifested itself to a degree of 10 percent disabling or more within one year from the date of separation from service. Such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time.
Lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability, or symptoms of disability, susceptible of lay observation. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).
When a claimant seeks benefits and the evidence for and against the claim is in relative equipoise, the claimant prevails. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for a claim to be denied. Alemany v. Brown, 9 Vet. App. 518 (1996). 
Factual Background
The Veteran’s service treatment records (STRs) confirm that in March 1981, the Veteran fell while riding a bike and landed on his face. He was given four stiches. See STR-Medical, March 1981 Treatment Note.
The Veteran also sustained several lacerations on the back of his head due to being hit with a beer stein in June 1981. See STR-Medical, June 1981 Treatment Note. The record does not contain a separation examination and the Veteran confirmed that he was not provided such an examination. See October 2018 Correspondence. 
The Veteran’s post-service treatment records do not show any diagnosis of residuals of a head injury. 
Analysis
A review of the medical evidence of record fails to establish a current disability of residuals of head injury at any time during the appeal period or proximate thereto. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). Although the Veteran was treated for a head injury during service, his post-service treatment records fail to show diagnosis or treatment for residuals of head injury. The Board also notes that the Veteran is service connected for facial scars, and is seeking service connection for migraine headaches. These disabilities encompass the Veteran’s symptoms of residuals of head injury. 
The Board is cognizant of the recent ruling of the United States Court of Appeals for the Federal Circuit (Federal Circuit) in Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018). In that case, the Federal Circuit found that the term “disability” as used in 38 U.S.C. § 1110 “refers to the functional impairment of earning capacity, not the underlying cause of said disability,” and held that “pain alone can serve as a functional impairment and therefore qualify as a disability.” Id., at 1368. In other words, where pain alone results in functional impairment, even if there is no identified underlying diagnosis, it can constitute a disability. The Federal Circuit limited its holding, stating, “[w]e do not hold that a veteran could demonstrate service connection simply by asserting subjective pain. To establish the presence of a disability, the veteran will need to show that his pain reaches the level of functional impairment of earning capacity.” In other words, subjective pain in and of itself will not establish a current disability. Consideration should be given to the impact, or lack thereof, from pain, focusing on evidence of functional limitation caused by pain. 
Here, there is no indication that the Veteran experiences functional impairment as a result of residuals of head injury. In light of the lack of functional impairment or clinical diagnosis, the evidence does not support a finding of any residuals of head injury disability.
In forming this opinion, the Board has also considered the Veteran’s lay statements in support of his claim. However, the Board finds the medical evidence more probative in this instance, where the Veteran has not demonstrated that he has the requisite technical background to diagnosis such a condition. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also 38 C.F.R. § 3.159 (a)(1), (a)(2). Essentially, there has to be supporting medical evidence. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (reiterating that medical evidence was needed to support a claim for rheumatic heart disease). Here, the medical evidence of record only refutes the Veteran’s claim, and does not support his statement that he currently suffers from residuals of head injury.
Accordingly, the first element of service connection is not met for residuals of head injury claim. Service connection cannot be granted for residuals of head injury disability. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against this claim, that doctrine is not applicable. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; see also Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001). Thus, the Veteran’s claim for entitlement to service connection for residuals of head injury is denied. 
REASONS FOR REMAND
1. Service connection for migraine headaches is remanded.
The issue of entitlement to migraine headaches is remanded to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a May 2018 medical opinion prior to the September 2018 rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s migraine headache disability had its onset in service or is otherwise related to service. 
Specifically, the examiner found that that the Veteran’s headaches were not related to the mild head injury during active service. See May 2018 VA Medical Opinion. The examiner also noted that the Veteran’s scars are the result of head injuries. However, the examiner did not provide an opinion whether the Veteran’s migraine headaches were caused by or aggravated by the Veteran’s service-connected disabilities. The Veteran has consistently maintained that his headaches were caused by his scars. In September 2018, the Veteran stated, “my headaches stem for my scars.” See September 2018 Notice of Disagreement. Thus, a remand is warranted to address whether the Veteran’s migraine headaches were caused or aggravated by his service-connected scar disabilities. 
The matter is REMANDED for the following action:
1. Provide the Veteran with proper notice addressing secondary service connection.
2. Schedule the Veteran for a new examination to determine whether he has a current migraine headache diagnosis that is at least as likely as not (a 50 percent or greater probability) the result of disease or injury in service; or proximately due to, or aggravated by, his scar disabilities.
The examiner is advised aggravation means the service-connected disability caused an increase in the severity of an existing nonservice-connected disability beyond the natural progression of the disease. If aggravation is found, the examiner must attempt to establish the baseline level of severity of the migraine headaches prior to aggravation by the service-connected disability.
The examiner is advised the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran’s reports, he or she must provide a reason for doing so.
The examination report must include a complete rationale for all opinions provided. If the examiner cannot provide the requested opinion without resorting to speculation, he or she should expressly indicate this and explain why an opinion cannot be provided without resorting to speculation. Any missing evidence that would enable the examiner to provide the opinion should also be identified.

 
YVETTE R. WHITE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD G. Lilly, Associate Counsel